IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARVIN WHINERY | § | |
| v. | § | CIVIL ACTION NO. 9:10cv192 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Marvin Whinery, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Whinery was convicted of aggravated sexual assault of a child and three counts of indecency with a child, carrying sentences of 30 and 20 years and two sentences of 15 years. The children involved were identified as Melinda (MF) and Mary (MW).

Whinery raised twelve grounds for relief in his federal habeas corpus petition. The Respondent was ordered to answer the petition and did so. This answer asserted that all of Whinery's claims except for two were procedurally barred and that the claims not barred were without merit. The two claims not alleged to be barred were that Whinery was actually innocent and that the evidence was insufficient to find him guilty. Whinery filed a response to the answer arguing that he was actually innocent, the prosecutor failed to meet the burden of proof, the process afforded to him in state court and in the state post-conviction proceeding was defective and unreasonable, that Melinda has falsely accused other persons of molesting her, and that he should be afforded a hearing.

1

Other than the general statement that the state court process was unreasonable, Whinery did not address the procedural default issue.

After review of the pleadings, the Magistrate Judge issued a Report on June 22, 2011, recommending that the petition be dismissed. The Magistrate Judge determined that Whinery's first state habeas corpus petition was dismissed for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure, and so any claims therein were not properly exhausted by presentment to the Texas Court of Criminal Appeals in a procedurally proper manner. Whinery's second state habeas petition was granted to the extent that he was allowed an out-of-time petition for discretionary review, and so all other claims in that petition were dismissed as premature, and not adjudicated on the merits. These unadjudicated claims also were not exhausted for federal habeas corpus purposes.

Whinery's third state habeas petition was denied without written order. The Magistrate Judge correctly determined that any claims raised in Whinery's third state habeas petition and in his petition for discretionary review were properly exhausted, while any claims which were raised only in his first or second state habeas petitions were not properly exhausted and thus defaulted for federal habeas corpus purposes.

In this regard, the Magistrate Judge observed that Whinery's third state habeas petition argued that he is actually innocent, and his petition for discretionary review argued that the evidence supporting the verdict was so weak as to render the verdict clearly wrong or manifestly unjust. These are the two claims which Whinery properly presented to the Texas Court of Criminal Appeals, and thus are the two claims which were not procedurally defaulted.

In reviewing these claims, the Magistrate Judge observed that actual innocence is not in itself a free-standing ground for habeas corpus relief, and so to the extent that Whinery sought habeas relief based on a claim of actual innocence, his petition lacked merit. The Magistrate Judge also concluded that Whinery had failed to show that based on the record evidence offered at trial, no

rational trier of fact could have found proof beyond a reasonable doubt. The Magistrate Judge therefore determined that Whinery's claims lacked merit.

Although actual innocence is not a free-standing basis for habeas corpus relief, the Magistrate Judge acknowledged that it could serve as a gateway through which procedurally defaulted claims could be considered. To do so, however, Whinery would have to show that in the light of newly discovered evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. While Whinery argued that he was actually innocent because Melinda and Mary had recanted the charges, he failed to offer any evidence of such recantation. He did furnish a letter from Melinda, dated May 19, 2008, in which she said that she was "sorry for lying" and that "everyone has been mad at me, I can't stand not having a family." Two years later, in 2010, Melinda stated that Whinery's wife Gladys had told her to write the previous letter. She explained that Gladys said that "he didn't do it," and Gladys told her that "their lives would be better" and the family would not hate Melinda if she wrote the letter. Melinda also said that Gladys told her that if she wrote the letter, she "could be loved like she once was." However, Melinda specifically stated that "I still remember what he did, everything he did, and what age it started." Thus, the Magistrate Judge stated that Melinda had "effectively recanted her recantation."

Mary's statement simply said that she did not remember anything. The Magistrate Judge observed that this is not a recantation, but rather an assertion that she does not recall what happened, not that it did not happen. The Magistrate Judge determined that Whinery had failed to make a colorable showing of actual innocence so as to allow his procedurally defaulted claims to be considered on the merits.

Whinery filed objections to the Magistrate Judge's Report on September 1, 2011. In his objections, Whinery first asserts that he raised seven claims in his first state habeas petition and that the dismissal of this petition under Rule 73.1 was "biased and prejudiced against him." He says that his "legal confidant," an inmate named Williams, was terminally ill and died on March 26, 2011 and that the dismissal of a petition under Rule 73.1 does not procedurally default a claim. This latter

assertion is incorrect and lacking in merit; the failure to comply with required state procedures to present a claim constitutes procedural default. Perez v. Thaler, slip op. no. C-10-297, 2011 WL 4625505 (S.D.Tex., September 30, 2011) (state petition which is dismissed for failure to comply with Rule 73.1 is procedurally defaulted for federal habeas purposes), *citing* Castille v. Peoples, 489 U.S. 346, 351 (1989) *and* Satterwhite v. Lynaugh, 886 F.2d 90, 93 (5th Cir. 1989). This objection is without merit.

Next, Whinery says that the State claimed that his second state habeas petition was successive and an abuse of the writ, but that he was granted an out-of-time petition for discretionary review. He states that this second petition was in fact his first state petition. The record does not confirm Whinery's assertion that his second petition was deemed successive or an abuse of the writ; on the contrary, Whinery was granted relief on one of his claims, in that he was granted leave to file an out-of-time petition for discretionary review. As the Magistrate Judge said, this made the remainder of the claims raised in that petition premature, and so they were not addressed on the merits. This objection is without merit.

Third, Whinery argues at great length that he received ineffective assistance of counsel, but any such claim was procedurally defaulted. This objection is without merit.

Next, Whinery turns to the issue of actual innocence. He says that when the State discovered that Melinda and Mary had recanted, they had uniformed police officers go to Melinda's house and take her away from her family, place her in a police car, and drive away. She was gone for about 30 minutes, and when she came back, she was "nervous and not happy and had recanted her recantation." Similarly, he says, police officers took Mary out of school and placed her in a room by herself, and she recanted also. Based on these assertions, Whinery argues that the Court "simply cannot believe" that the second recantations were voluntary.

As the Magistrate Judge said, the Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record,

to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990). Whinery's assertions concerning the circumstances surrounding the second statements by Melinda and Mary are unsupported and unsubstantiated by anything in the record and thus lack probative value. In addition, he has not presented any newly discovered evidence which would create the circumstance that no reasonable juror could find Whinery guilty beyond a reasonable doubt.

Whinery also attaches a number of documents to his objections. The first ten pages of these consist of a copy of a pleading in which Whinery argues that he received ineffective assistance of counsel. However, this claim was procedurally defaulted.

Next, Whinery attaches findings from Child Protective Services investigations finding no basis to support abuse charges against persons named Coy Whinery and Doris Whinery, for allegedly abusing Melinda. This does not show that no basis existed for criminal charges against Marvin Whinery.

Whinery also has copies of school records for Melinda, including documents showing that she had difficulty following directions, difficulty working with her peers, that she was designated as "learning disabled," and that her behavior was poor. None of these documents provide any basis upon which to conclude that Whinery was actually innocent of the charges.

Similarly, Whinery attaches documents showing that in March of 2010, Melinda was charged with making a false report to a police officer. Whinery does not explain what false report was made, nor does he show that the fact that Melinda lied to law enforcement officers in 2010 means that she also must have lied when she alleged that she had been abused in 2002. In addition, Whinery has not shown that any claim which he could raise regarding a 2010 conviction of Melinda has been exhausted through presentation to the highest court for the State of Texas. This objection is without merit.

Finally, Whinery attaches pleadings from an earlier court proceeding involving his claim that he was not allowed to confront the witnesses against him. This claim was not raised in either of the

pleadings which Whinery properly presented to the Texas Court of Criminal Appeals and thus was procedurally defaulted. Whinery's objections, as supplemented by his attachments filed on September 8, 2011, are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the original petition, the answer of the Respondent, the Petitioner's response to the answer, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Marvin Whinery is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that the Petitioner's motion for leave to file excess pages (docket no. 27) is GRANTED, and any and all other motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **17** day of **November, 2011.**

_____
Ron Clark, United States District Judge