IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARVIN WHINERY | § | |
| v. | § | CIVIL ACTION NO. 9:10v192 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT</u>

The Petitioner Marvin Whinery filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Whinery was convicted of aggravated sexual assault of a child and three counts of indecency with a child, receiving sentences of 30 years and 20 years and two sentences of 15 years. He raised 12 grounds for relief in his federal habeas petition.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Whinery had failed to make a showing of actual innocence sufficient to overcome a procedural default, and that there was sufficient evidence to support the verdict. This Report was adopted and the petition was dismissed on November 17, 2011.

Whinery filed a motion for reconsideration on December 27, 2011, and then an amended motion for reconsideration on December 29, 2011. In his amended motion for reconsideration, Whinery asserts that his right to effective assistance of counsel and his right to confront witnesses

1

were violated with regard to one of the alleged victims, Courtney Fisher. He complains that counsel failed to seek approval to propound written interrogatories for new video interviews; counsel failed to object to the use of Fisher's name at trial when Fisher never made a video and was not interviewed, or provided any evidence that Whinery had done anything to her; counsel failed to object to "perjury by the prosecutor;" and counsel failed to prepare his defense properly.

The Magistrate Judge noted that Whinery's claims concerning Fisher were raised in his first state habeas petition, which was dismissed for failure to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. The Magistrate Judge stated that under Texas law, compliance with Rule 73.1 is a prerequisite to consideration of the merits of the application. Because Whinery did not comply with the Rule, the claims in his first state habeas petition, including the claims concerning Fisher, were procedurally barred.

In this case, the Magistrate Judge concluded, Whinery did not show cause for the default or prejudice resulting therefrom, in the form of a credible showing of actual innocence. The state court records show that Whinery was not charged with an offense involving Fisher, and thus cannot evade a procedural default by asserting that he was innocent of any offenses against Fisher.

Whinery's other claims of ineffective assistance of counsel were likewise raised in his first state habeas petition, and are procedurally barred as well. None of these claims were raised in his third state habeas petition or his petition for discretionary review, which were the only proceedings properly presented to the Texas Court of Criminal Appeals. Because all of these claims were procedurally defaulted, the Magistrate Judge recommended that Whinery's motion for reconsideration and amended motion for reconsideration be denied.

Whinery filed objections to the Report of the Magistrate Judge on February 22, 2012. In his objections, Whinery argues that "interference with state officials" made compliance with the state procedural rules impractical. He cites <u>Gravley v. Mills</u>, 87 F.3d 779 (6th Cir. 1996), a Sixth Circuit decision standing for the unremarkable proposition that counsel's errors at trial, in failing to preserve error, amounted to cause for the procedural default, and that the prosecutor's repeated improper

references to post-arrest silence amounted to prejudice. However, Whinery has failed to show that this case is applicable; the default in Whinery's case did not come at trial, but in the post-conviction proceedings. As noted above, Whinery's first state habeas petition, which was filed *pro se*, was dismissed for failure to comply with state procedural rules. Any claims raised only in this petition are procedurally barred, and Whinery has not shown that any actions of counsel, or any other actions by state officials, led to this default. This objection is without merit.

Next, Whinery says that his claim of the denial of the right to confront witnesses was not procedurally barred, as shown by the Respondent's answer to his petition. However, the Respondent argued that this claim was in fact procedurally barred. In addition, the Magistrate Judge reviewed Whinery's state habeas petitions and determined that he had exhausted two of his claims - that he is actually innocent and that the evidence was insufficient to support the finding of guilt. He did not exhaust the Confrontation Clause claim. Whinery's objection on this point is without merit.

Whinery cites Second Circuit case law saying that if a state court dismisses a claim by saying that "the remaining contentions are either unpreserved for appellate review or without merit," those contentions have not been procedurally defaulted. Fama v. Commissioner of Correctional Services, 235 F.3d 804 (2nd Cir. 2000). He has failed to show the relevance of this decision to his case; his first state habeas petition was not denied on the merits as an alternative ground, but was dismissed for failure to comply with a state procedural rule. As a result, all of the claims which were raised only in Whinery's first state habeas proceeding have never been considered on the merits by the Texas Court of Criminal Appeals and are procedurally defaulted. Whinery's objection on this point is without merit.

Whinery goes on to assert that the State could have addressed his claims on the merits in his first petition, and that the procedural default rule "can be waived at any time." He also argues that procedural default is not jurisdictional and so the Court can consider the merits of the claims regardless of the default. The Fifth Circuit has stated that procedural default is a non-jurisdictional affirmative defense. Scott v. Johnson, 227 F.3d 260, 262 n.2 (5th Cir. 2000). The Respondent did

3

not waive or forfeit this defense, but raised it in his answer to the petition. Whinery points to no authority holding that a district court can simply ignore the defense of procedural default and require the Respondent to answer claims regardless of the default. *See generally* Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001) (noting that "when a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment.") In this case, the state procedural rule was that habeas corpus petitions had to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. When Whinery's first state petition did not do so, it was dismissed without the merits being addressed. Thus, any claims raised only in that petition were procedurally defaulted. Even if the district court has the power to ignore the procedural default and proceed to the merits of the claims, despite the fact that these claims have never been addressed by the Court of Criminal Appeals, Whinery has shown no reason for the Court to do so. His objection on this point is without merit.

Finally, Whinery says that Courtney Fisher's name was mentioned a number of times at trial, including a reference to "all four girls being in the same room," and so even though he was not charged with an offense involving her, he was in effect convicted of molesting her. Thus, he says, he should have been allowed to confront her. This objection lacks merit even were it not procedurally defaulted.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion and amended motion for reconsideration, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 35) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion for relief from judgment (docket no. 31) and amended motion for relief from judgment (docket no. 33) are hereby DENIED. Rule 60(b), Fed. R. Civ. P.

So **ORDERED** and **SIGNED** this **7** day of **March, 2012.**

_____
Ron Clark, United States District Judge